(14 Misc. Rep. 443.)

## VOLK v. BERGMAN.

(City Court of New York, General Term. November 26, 1895.)

CONTRACTS—INTERPRETATION.

 In an action to recover royalties on arc lamps manufactured during a period of about two years, it appeared that the contract giving defendant the exclusive right to make such lamps provided that for the first five years the royalties payable to plaintiff's assignor should not be less than $2,500 per annum, and that defendant should not pay more than $12,500 for the said five years, unless the actual number manufactured during such term, at the specified royalty per lamp, should exceed that sum. *Held* that, in the absence of evidence as to the quantity of lamps made by defendant during the two years, plaintiff could claim only at the rate of $2,500 per annum.

Appeal from trial term.

Action by John Volk against Sigmund Bergman to recover royalties on arc lamps. From a judgment for plaintiff, rendered on a verdict directed by the court, defendant appeals. Reversed.

Argued before McCARTHY and CONLAN, JJ.

John E. Brodsky, for appellant.
Henry F. Harris, for respondent.

McCARTHY, J. The complaint is to recover $1,045 for royalties on arc lamps manufactured between November 19, 1892, and January 1, 1895, making a period of about 2 years, 1 month, and 19 days. The defendant admits all the allegations of plaintiff's complaint,

except that he denies the indebtedness claimed, and asserts payment in full. So far as the appeal is concerned, the sixth clause of the agreement has no bearing. We think, however, that the third clause is controlling, and must determine. That clause is as follows:

"From the date of this exclusive license, and for the first succeeding five years, the said royalties shall not be less that two thousand five hundred dollars per annum, any deficiency from this amount to be paid to the said Kirkegaard at the end of each year as an advance payment on the total amount of royalties for the said five years; that is, the said Bergman or his assigns shall not be called upon to pay more than the sum of twelve thousand five hundred dollars for the said five years, unless the actual amount of manufacture and sales for the said term at the specified royalty per lamp shall exceed that amount. That said Kirkegaard hereby acknowledges the receipts of the sum of five hundred dollars on account of royalties that may accrue hereafter under this agreement, which royalties have been paid to him by said Bergman without recourse."

This means that, unless there were manufactured more than at the rate of 2,500 lamps per annum, the plaintiff's assignor was not to receive more, nor was the defendant to pay less, than $2,500 per annum. There was no evidence in the case as to how many were manufactured during the 2 years, 1 month, and 19 days; and, in the absence of such proof, the presumption was that the plaintiff could only claim at the rate of $2,500 per annum; and that, for 2 years, 1 month, and 19 days, would be about $5,400. The defendant, however, says he paid $5,700 during this period, and this would, without explanation, show that the defendant had paid to the plaintiff's assignor a considerable sum in excess of what he was entitled to receive. The trial justice erred, under the circumstances, in directing a verdict for the plaintiff. We think the evidence was more favorable to the defendant for such a direction. Judgment is therefore reversed, and a new trial granted, with costs to the appellant to abide the event.